UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK DEVON HILLS,

      Petitioner,

v.                                          Case No. 3:12cv29/LC/CJK

MICHAEL D. CREWS,

      Respondent.

_____/

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1) and supporting memorandum (doc. 2). Respondent filed an answer (doc. 24), submitting relevant portions of the state court record (doc. 25). Petitioner replied (doc. 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

By Amended Information filed on June 22, 2009, petitioner was charged in Escambia County Circuit Court Case No. 08-CF-5451, with the following eleven offenses:  Aggravated Battery Upon a Law Enforcement Officer (Deputy Green) (Count 1); Resisting an Officer With Violence (Deputy Green) (Count 2); Escape (Count 3); Grand Theft (a county golf cart) (Count 4); Battery Upon a Law Enforcement Officer (Lt. Nix) (Count 5); Resisting an Officer With Violence (Lt. Nix) (Count 6); Grand Theft Auto (a pickup truck) (Count 7); Fleeing or Attempting to Elude a Law Enforcement Officer in Agency Vehicle with Siren and Lights Activated at High Speed (Count 8); Leaving the Scene of a Crash with Injuries (Count 9); Battery Upon a Law Enforcement Officer (Deputy Taylor) (Count 10); and Resisting an Officer With Violence (Deputy Taylor) (Count 11).[1]  (Doc. 25, Ex. 1, pp. 6-8).[2]  All of the charges arose out of an incident that occurred on October 24, 2008, wherein petitioner escaped from custody while being transported to jail upon being sentenced to life imprisonment.   During his escape, petitioner was involved in numerous physical altercations with law enforcement officers, stole a golf cart and a pickup truck, led officers on a high speed chase, crashed the pickup truck into another vehicle (causing injuries to those in the other vehicle), fled the scene of the crash on foot, engaged in another physical altercation with an officer trying to apprehend him, and was eventually captured with the assistance of a police dog.  (Ex.

---

[1]Petitioner was originally charged by Information filed in Case No. 08-CF-5451 on November 13, 2008.  (Doc. 25, Ex. 1, pp. 1-4).  The Information consolidated Case Nos. 08-CF-5452 and 08-CF-5453 into Case No. 08-CF-5451, and charged petitioner with fifteen offenses.

[2]All references to exhibits are to those provided at Doc. 25, unless otherwise noted.  If a cited page has more than one page number, the citation is to the "Bates stamp" page number.

1, pp. 6-11; *see also* Ex. 3 (trial transcript)).

Petitioner proceeded to a jury trial. (Exs. 2, 3). After the State rested, defense counsel moved for a judgment of acquittal on all charges. Counsel argued with regard to the aggravated battery charge (Count 1), that the State failed to present evidence of great bodily harm or use of a deadly weapon. (Ex. 3, pp. 261-63). The State conceded the motion as to the injury theory but not as to the deadly weapon theory. (*Id*., pp. 263-65). The trial court ruled that the jury instruction would be limited to the deadly weapon theory and that no instruction would be given on great bodily harm, permanent disability, or permanent disfigurement. In addition, the court reduced the charge on Count 4 (theft of the golf cart) from grand theft to petit theft. (*Id*., pp. 265-66). The jury found petitioner not guilty on Count 10 (Battery on a Law Enforcement Officer – Deputy Taylor), guilty on Count 6 of the lesser offense of Resisting an Officer Without Violence, and guilty on the remaining counts as charged. (Ex. 1, pp. 59-62; Ex. 3, pp. 392-93). Petitioner was adjudicated guilty pursuant to the jury's verdict, and sentenced to a life sentence on Count 1, fifteen years imprisonment on the second-degree felonies, five years imprisonment on the third-degree felonies, and sixty-day sentences on the misdemeanors. (Ex. 1, pp. 72-73, 95-104). The trial judge ordered petitioner's sentences to run concurrent with each other and consecutive to the sentence petitioner was already serving. (*Id*.). Judgment was rendered July 24, 2009. (Ex. 1, pp. 81-90 (original judgment); pp. 95-104 (corrected judgment)). Petitioner's judgment of conviction was affirmed on direct appeal, per curiam and without a written opinion, on June 3, 2010. *Hills v. State*, 36 So. 3d 659 (Fla. 1st DCA 2010) (Table) (copy at Ex. 6).

On February 11, 2011, petitioner filed in the Florida First District Court of Appeal ("First DCA") a petition alleging ineffective assistance of appellate counsel. (Ex. 7).  The First DCA denied the petition on the merits on March 30, 2011.  *Hills v. State*, 61 So. 3d 1141 (Fla. 1st DCA 2011) (copy at Ex. 8).  Petitioner's motion for rehearing was denied on May 19, 2011 (Ex. 10).

Also on February 11, 2011, petitioner filed in the state circuit court a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. 11, pp. 1-19).  On April 26, 2011, the circuit court summarily denied relief without an evidentiary hearing, but corrected scrivener's errors in the judgment.  (*Id.*, pp. 20-108).  Petitioner appealed and filed an initial brief.  (Ex. 12).  The First DCA per curiam affirmed on September 23, 2011, without a written opinion. *Hills v. State*, 70 So. 3d  590 (Fla. 1st DCA 2011) (Table) (copy at Ex. 13).  The mandate issued October 19, 2011.  (Ex. 14).

Petitioner filed his federal habeas petition on January 17, 2012. (Doc. 1, p. 16). The petition raises four grounds for relief.  (*Id.*).  Respondent filed an answer asserting that each of petitioner's grounds for relief fails because the state courts' rejection of petitioner's claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law.  (Doc. 24, pp. 19-24).

SECTION 2254 STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the

legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.  *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)).  The federal court  must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision.  *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in

determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).  In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   As with the "unreasonable application" clause, the federal court applies an objective test.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").   The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by

AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications.  *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011).  However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision."  *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See Panetti*, 551 U.S. at 954.  Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be."  *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Ground One  "Appellate counsel was ineffective for failing to argue the trial court erred by allowing the jury to reach a guilty verdict regarding the 'aggravated battery' charge that included 'great bodily harm,' after the judge decided that only aggravated battery 'by use of a deadly weapon' applied."  (Doc. 1, p. 6).

Under Florida law, one of the elements of the crime of Aggravated Battery is that the defendant, in committing the battery, (1) used a deadly weapon, or (2)

intentionally or knowingly caused great bodily harm, permanent disability or permanent disfigurement.  Fla. Stat. § 784.045(1)(a); *see also* Fla. Stat. § 784.07. Petitioner alleges that although the trial judge excluded the injury theory and instructed the jury that petitioner could be found guilty of aggravated battery only if they found he used a deadly weapon, the verdict form read as to Count 1:

COUNT 1

_____        Guilty of **Aggravated Battery upon a Law Enforcement Officer, To Wit:  Ed Lee Green, Jr.,** as charged.

(Ex. 1, p. 59).  Petitioner asserts that inclusion of the term "as charged" was erroneous, contrary to the court's ruling, and allowed the jury to find him guilty of aggravated battery on an injury theory since that theory was charged in the Amended Information.  Petitioner contends that "there is no way to tell if the jury found Hills guilty of inflicting great bodily harm, permanent disability, or permanent disfigurement of Ed Lee Green, Jr., or if Hills was found guilty of the 'Amended Final Jury Instructions' that mentioned <u>only</u> Hills['s] 'use of a deadly weapon." (Doc. 1, p. 8).  Petitioner argues that "[b]ecause some of the jurors may have found Hills guilty of causing 'great bodily harm' to Officer Green while others found Hills guilty of using a deadly weapon (a ladder), reversible error occurred in this case because of the potential conflicted verdict." (*Id.*, p. 9).  Petitioner claims the error in the verdict form deprived him of due process under the Fourteenth Amendment, and that appellate counsel was ineffective for failing to raise the error on direct appeal.  (*Id.*). Petitioner asserts he presented this claim to the state court in his petition to the First DCA.

Respondent asserts that the First DCA's rejection of petitioner's claim is consistent with clearly established federal law, because (1) appellate counsel could not raise the alleged error on direct appeal because it was not preserved below and (2) petitioner cannot show a reasonable probability the result of his appeal would have been different had appellate counsel raised the argument.  (Doc. 24, pp. 21-22).

A.     Clearly Established Federal Law

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*."  *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009) (*citing Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  Under the *Strickland* standard, a defendant must establish (1) that his counsel's performance was deficient, and (2) that the deficient performance was prejudicial.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness. Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (*quoting Strickland*, 466 U.S. at 668, 694).

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "Surmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).  "Establishing that a state court's application of *Strickland* was

unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788.

As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

B.     Federal Review of State Court Decision

The First DCA summarily denied petitioner's ineffective assistance of appellate counsel claim on the merits, without explanation.  Because the state court decision was summary in nature, petitioner "can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for [its] decision." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1402, 179 L. Ed. 2d 557 (2011) (*quoting Richter*, 131 S. Ct. at 786).   This court "must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e] [Supreme] Court." *Id.* (*quoting Richter*, 131 S. Ct. at 786).

The First DCA could have determined, reasonably, that petitioner failed to establish deficient performance and prejudice under *Strickland*.  The trial judge's oral instructions to the jury on Count 1, Aggravated Battery Upon a Law Enforcement Officer, were as follows:

[THE COURT]:  To prove the crime of aggravated battery upon a law enforcement officer, the State must prove the following five elements beyond a reasonable doubt:  The first element is a definition of battery.

One.  Frederick Devon Hills intentionally touched or struck Ed Lee Green, Jr. against his will, or intentionally caused bodily harm to Ed Lee Green, Jr.

Two.  Frederick Devon Hills in committing the battery used a deadly weapon.

Three.  Ed Lee Green, Jr. was a law enforcement officer.

Four.  Frederick Devon Hills knew Ed Lee Green, Jr. was a law enforcement officer.

Five.  Ed Lee Green, Jr. was engaged in the lawful performance of his duties when the battery was committed against him.

The Court now instructs you that an Escambia County Sheriff's Deputy is a law enforcement officer.

A weapon is a deadly weapon if it is used or threatened to you [sic] be used in a way likely to produce death or great bodily harm.

(Ex. 3, pp. 354-55).  The written jury instructions were identical to the court's oral instructions.  (Ex. 1, pp. 38-39).  Defense counsel did not object to the final jury instructions or to the verdict form.  (Ex. 3, pp. 302, 304).

Where an issue is not preserved for appellate review, appellate counsel's failure to raise the issue is not constitutionally deficient as it is based on the reasonable conclusion that the appellate court will not hear the issue on its merits.  *Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) ("Under Florida law, an error that passed without objection cannot be raised on appeal; appellate counsel,

therefore, is not ineffective for failure to raise a meritless argument." (*citing Card v. State*, 497 So.2d 1169, 1174, 1177 (Fla. 1986)).   Further, petitioner's proposed appellate argument had no merit.   The trial court's oral and written jury instructions very explicitly directed the jury that a determination of guilty on the aggravated battery charge required the State to prove beyond a reasonable doubt that petitioner used a deadly weapon in committing the battery.   The injury theory was not mentioned in the jury instructions and could not form the basis for a finding of guilt, because the jury is presumed to have followed the judge's instructions.   *Brown v. Jones*, 255 F.3d 1273, 1280 (11th Cir. 2001) ("We have stated in numerous cases, however, that jurors are presumed to follow the court's instructions."); *see also United States v. Calderon*, 127 F.3d 1314, 1334 (11th Cir. 1997); *United States v. Wilson*, 149 F.3d 1298, 1302 (11th Cir. 1998).

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard.   Petitioner is not entitled to federal habeas relief on Ground One.

| Ground Two | "Appellate Counsel was ineffective for failure to argue the court erred by allowing jury selection to take place outside the presence of the petitioner in violation of Fla. R. Crim. P. 3.180(a)(4) and petitioner's 14th Amendment rights to due process under the U.S. Constitution." (Doc. 1, p. 9). |

Florida Rule of Criminal Procedure 3.180 requires the presence of the defendant "at the beginning of the trial during the examination, challenging, impaneling, and swearing of the jury." Fla. R. Crim. P. 3.180(a)(4) (2009). Petitioner alleges that during jury selection, defense counsel moved to clear the courtroom of the prospective jurors so that petitioner, who was in shackles due to security concerns, could participate in selecting the jury.   Petitioner says the trial judge denied

the request, but allowed defense counsel to consult with petitioner (who was seated at counsel table) as needed during the process. Petitioner acknowledges that defense counsel consulted with him during the challenging and selection of jurors. Petitioner argues that the trial judge's procedure failed to comply with Rule 3.180(a)(4), resulting in a denial of due process. (Doc. 1, pp. 9-10). Petitioner faults appellate counsel for failing to raise this issue on appeal. Petitioner asserts he presented this claim to the state court in his petition to the First DCA.

Respondent asserts that the First DCA's rejection of petitioner's claim is consistent with clearly established federal law, because the trial judge's approach was completely proper under Florida law, and there was nothing for counsel to appeal. (Doc. 24, pp. 21-22).

A.     Clearly Established Federal Law

The clearly established federal law governing claims of ineffective assistance of appellate counsel is the *Strickland* standard, set forth above.

B.     Federal Review of State Court Decision

The First DCA summarily denied petitioner's ineffective assistance of appellate counsel claim on the merits, without explanation. The First DCA reasonably could have determined that petitioner failed to establish deficient performance and prejudice under *Strickland*, because petitioner's proposed appellate claim lacked merit. At the beginning of jury selection, outside the presence of the venire, the trial judge announced the following:

> THE COURT: Good morning. We'll be selecting the jury in Mr. Hill's case first.
>
> [PROSECUTOR] SMITH: Yes, sir.

THE COURT:  And the security has requested in his case that there be shackles and the Court is granting the request but only on the condition that he will always be here before the venire gets here and be in place and there will be skirting around both tables so there's nothing to indicate that there's any special attention being given.

[DEFENSE COUNSEL] THOMAS:  But they are going to see the cuffs on him?

THE COURT:  Not cuffs.  No, no.  Leg irons.

MR. THOMAS:  Oh, leg irons.

THE COURT:  That's it and we're also going to be taking precautions to make sure that the leg irons have tape on them so they don't make noise.

So that's – what we're going to do is during the jury selection process, we'll do the process as some judges do it and that is permit the defendant to remain at the defense table and let you just consult as much as you need to consult back and forth but I'm required, obviously it is appropriate that you have a chance to inquire of the client's wishes and views and all of that so that will happen, that will be going on, it just won't be taking place up at the bench as we sometimes do.

Once we select that first jury, he will be seated before the venire is brought in and then once the first jury is selected and sent away, then we'll take a break and that way he can be taken out of the courtroom and they'll, they should never know.

(Ex. 2, pp. 4-5).  The attorneys proceeded with voir dire.  When it came time for selection of the jurors, the trial judge conferred with the attorneys at sidebar:

THE COURT:  Okay, now we're at the sidebar.  The defendant is not present at this time, however, I am going to request that defense counsel regularly consult with the defendant and I'll give you time to do that so that you can then inquire of him and make sure he understands where we

are and his input into the process is completely covered and obviously, when we get to the point that the final jury is selected then I'll ask you to simply just make sure that he knows and then confirm with him that he's okay with the jury selected.

[DEFENSE COUNSEL] CROMEY:  We were actually going to request the Court clear the jury members out of the room so he could hear what the State Attorney was arguing during the jury selection process as well as the Court's comment on the conversations we're having so he would be fully a part of the process, which obviously can't happen if he's in leg shackles.

THE COURT:  Right.

MR. CROMEY:  So our request would be to clear the courtroom so he can be fully involved in the process.

THE COURT:  I'll deny the request to clear the courtroom.  I think it is much more important that the venire members be here so that we can all see them and you can exercise your challenges.  The way jury selection is working if a strike is made the very next one on the list comes in, it is helpful to see who that next one is and the one after that and so on.  And I think there's value to that for jury selection and for all of the parties, State and Defense.  So I'm just going to permit you to consult with him as you need to consult with him during the process.  I think that's what is required.

I think personally being present during the conversation is not what is required.  Normally I do but because of the allegations in the charges in this particular case, I think that the fact that we have put the leg irons on him they will continue to be on him and that we've got that outside of the presence, the sight of the jury is an important consideration that implicates the way we normally do it.  So the request is acknowledged but denied.

(Ex. 2, pp. 89-91).

The state rule of criminal procedure underlying petitioner's proposed appellate claim, Fla. R. Crim. P. 3.180, defines "presence" as follows:  "A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed." Fla. R. Crim. P. 3.180(b)(2009).  The record establishes that petitioner was present during jury selection, and the trial judge's procedure did not deprive petitioner of any rights under state or federal law.  Appellate counsel cannot be deemed ineffective for failing to raise issues "reasonably considered to be without merit."  *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (*quoting Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)); *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990) (holding that appellate counsel is not required to raise meritless issues on appeal).  Moreover, petitioner was not prejudiced by appellate counsel's failure to raise the issue, because the argument had no reasonable probability of success.

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard.  Petitioner is not entitled to federal habeas relief on Ground Two.

| | |
|---|---|
| Ground Three | "Appellate counsel was ineffective for failure to argue the court erred by continually emphasizing that the jury had to reach a unanimous verdict in violation of petitioner's 14th Amendment rights to a hung jury and to due process."  (Doc. 1, p. 11). |

Petitioner alleges that the trial court's emphasis to the jury that they must reach a unanimous verdict "coerced the jury into reaching a verdict instead of following their individual opinions, and infringed upon the Petitioner's 14th Amendment constitutional right to a hung jury." (Doc. 1, p. 11).  Petitioner asserts he presented

this claim to the state court in his petition to the First DCA.

Respondent asserts that the First DCA's rejection of petitioner's claim is consistent with clearly established federal law, because the claim is utterly meritless – jury verdicts have to be unanimous.  (Doc. 24, pp. 22-23).

A.    Clearly Established Federal Law

The clearly established federal law governing claims of ineffective assistance of appellate counsel is the *Strickland* standard, set forth above.

B.    Federal Review of State Court Decision

The First DCA summarily denied petitioner's ineffective assistance of appellate counsel claim on the merits, without explanation.  The First DCA reasonably could have determined that petitioner failed to establish deficient performance and prejudice under *Strickland*, because petitioner's proposed appellate claim lacked merit.  A conviction requires a unanimous jury verdict, and the trial judge's reminding jurors of that fact was proper.  Further, there is no "constitutional right to a hung jury." Appellate counsel cannot be deemed ineffective for failing to raise an issue clearly lacking in merit.  *Nyhuis, supra.*  Moreover, petitioner was not prejudiced by appellate counsel's failure to raise an argument that had no reasonable probability of success.

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard.  Petitioner is not entitled to federal habeas relief on Ground Three.

Ground Four          "Defense counsel was ineffective for failure to object to
                     prosecutor's bolstering of the witnesses' (officers') testimony,
                     and her improper comments during closing argument." (Doc. 1,
                     p. 12).

Petitioner's final ground for relief challenges trial counsel's performance.

Petitioner asserts that the State's case on the aggravated battery charge involving

petitioner's use of a ladder as a deadly weapon "was in deep trouble because the

officers' [sic] could not 'get the color right.'" (Doc. 1, p. 13).  Petitioner argues that

the prosecutor "illegal[ly] and improper[ly]" attempted to cure the defect by arguing

in closing argument:

> It wasn't Deputy Green that became aggressive first.  It was this
> Defendant who picked up the ladder. . . . Whether it's orange, green, red
> or blue, the testimony was that he picked up a ladder, and Deputy Green
> said that was the ladder.
>
> Now the other officer, I believe it was Officer Harmon, said it was
> a green ladder.  But it's still a ladder.  He's still a law enforcement
> officer.  He's still in uniform.  No question who he is.  No question that
> he's doing his duty transporting those inmates back to the jail.

(Ex. 3 pp. 309-310).  The prosecutor later reiterated:  "Who cares if this ladder is

green or orange or red or purple.  It was swung by an inmate at a law enforcement

officer. . . ." (*Id*., p. 341).

Petitioner argues that the prosecutor's argument constituted "improper

bolstering of the officers' testimony as to the color of the alleged ladder." (Doc. 1,

p. 13).  Petitioner also argues that when the prosecutor said, "He's still a law

enforcement officer," she was referring to Officer Harmon and reminding the jury that

he was a law enforcement officer and therefore credible.  (*Id*.).  Petitioner faults trial

counsel for failing to object to the prosecutor's statements on the grounds of improper

bolstering, and contends that the outcome of his trial would have been different had the State not been able to tell the jury that the ladder color was of no significance and that they should believe a ladder was used because the testimony came from police officers.  (Doc. 1, pp. 13-14).  Petitioner asserts he presented this claim to the state court in his Rule 3.850 proceeding.

Respondent asserts that the state court's rejection of petitioner's claim is consistent with clearly established federal law and was based on a reasonable determination of the facts.  (Doc. 24, pp. 23-24).

A.   Clearly Established Federal Law

The clearly established federal law governing claims of ineffective assistance of trial counsel is the *Strickland* standard, set forth above.

B.   Federal Review of State Court Decision

Petitioner raised this claim as "Ground Three" of his Rule 3.850 motion.  (Ex. 11, pp. 9-11).  The state circuit court identified *Strickland* as the controlling legal standard (Ex. 11, p. 21), and denied relief on the merits as follows:

<u>Ground Three</u>

In his final claim, the Defendant argues that his counsel was ineffective for failing to object to State's closing argument purportedly "bolstering" the State's witnesses.  The record conclusively refutes Defendant's claim.  It is clear from the record that, as to the portion of the argument at issue, the prosecutor was simply making the point that the color of the ladder used has no direct bearing on the Defendant's guilt or innocence.  The prosecutor's argument also reminded the jury of the unremarkable contention that the victim's status as a law enforcement officer, an element of the charge, would not change depending on the color of the ladder.  <u>Attachment 1</u>, at 309-310; 341-342.  The prosecutor's arguments at issue were not improper and, thus, Defendant's counsel was not ineffective for failing to object to them.

(Ex. 11, pp. 26-27).  The First DCA summarily affirmed.

The state court reasonably determined that petitioner failed to establish deficient performance or prejudice under *Strickland* because the prosecutor's comments did not constitute improper bolstering.  Improper bolstering occurs when "the State places the prestige of the government behind the witness or indicates that information not presented to the jury supports the witness's testimony." *Hutchinson v. state*, 882 So. 2d 943, 953 (Fla. 2004).  The prosecutor here was merely attempting to minimize the defense's emphasis on the color of the ladder used in the struggle between petitioner and Deputy Green.  Further, the only plausible interpretation of the transcript is that the "he" to whom the prosecutor referred when she said:  "He's still a law enforcement officer," (Ex. 3, p. 310), was Deputy Green (the officer whom petitioner battered), not Officer Harmon.  Counsel cannot be deemed ineffective for failing to preserve or argue a meritless claim.  *Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim. . . ."); *see also Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (concluding that counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907 (11th Cir. 2001) (concluding that counsel was not ineffective for failing to raise a non-meritorious objection); *Bolender v. Singletary*, 16 F.3d 1547, 1473 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

The state court's rejection of petitioner's claim was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard.  Nor was the decision based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief on Ground Four.

PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

Petitioner's reply requests an evidentiary hearing. (Doc. 32). "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen*, 131 S. Ct. at 1400. Petitioner has not overcome §2254(d)(1); accordingly, federal habeas relief should be denied and, correspondingly, petitioner is not entitled to an evidentiary hearing. *Cullen*, 131 S. Ct. at 1399; *see also Schriro v. Landrigan*, 550 U.S. 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007) (noting that when the state court record "precludes habeas relief" under the limitations of § 2254(d), a district court is "not required to hold an evidentiary hearing.").

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Frederick Devon Hills*, Escambia County, Florida, Circuit Court Case Number 08-CF-5451, be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 1st day of July, 2014.


*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).